THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MEDINA GROUP, LLC,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**DESIGN BUILD, LLC, ET AL.**<br><br>    **Defendants.** | **Civil No. 23-1160 (ADC)** |

**OPINION AND ORDER**

**I.    Procedural background**

On December 15, 2022, plaintiff Medina Group, LLC ("MG" or "plaintiff") filed a two-page complaint against Design Build, LLC ("DB") and Carmelo Grau-De León ("Grau-De León") (jointly "defendants") for breach of contract and damages in the Puerto Rico Court of First Instance, Bayamón Judicial Center, BY2022CV6385. *See* **ECF No. 1-2**.

According to the complaint, DB negotiated with plaintiff an agreement to "conduct plumbing and electrical work" at a project in Fort Buchanan, Puerto Rico. *Id.*, at 3. Plaintiff claims DB "summoned" it to execute a formal agreement. *Id*. However, a day before the closing date, Grau-De León allegedly asked DB not to hire plaintiff because plaintiff "cause[s] problems." *Id*. According to plaintiff, the agreement fell through due to Grau-De León's "defamatory" statements. As a result, plaintiff requested a judgment ordering DB to formally execute the contract or, alternatively, damages in an amount no less than $1,300,000.00. *Id.*, at 4.

On April 4, 2023, the United States removed the case on behalf on Grau-De León, "an employee for United States Army Corps of Engineers, an agency of United States of America, who was acting within the scope of his employment[,]" pursuant to 28 U.S.C. §§ 1441, 1442 and 2679(d)(2).[1] **ECF No. 1**. The United States sustained that removal was proper 28 U.S.C. § 1441(a) because this Court has original jurisdiction of the matter and pursuant to the provisions of the Westfall Act, 28 U.S.C. § 2679(d)(2). *Id*.

Plaintiff did not move for remand. The United States requested to substitute Grau-De León, which the Court granted. **ECF Nos. 7, 8.** Accordingly, on June 9, 2023, the United States filed a motion to dismiss. **ECF No. 9**. On July 28, 2023, plaintiff filed an untimely motion for extension of time to oppose the United States motion to dismiss. **ECF No. 11**. Specifically, plaintiff requested "21 days" to file its response. *Id*. However, to date, plaintiff has not filed a response or otherwise prosecuted this case.

## II.   Legal standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) "constitutes a challenge to the federal court's subject-matter jurisdiction[.]" *Surén-Millán v. United States*, 38 F. Supp. 3d 208, 212 (D.P.R. 2013). The "[p]ertinent inquiry is whether the challenged pleadings set forth allegations sufficient to demonstrate that the subject matter jurisdiction of the Court is proper." *Marrero v. Costco Wholesale Corp.*, 52 F. Supp. 3d 437, 439 (D.P.R. 2014). However, the Court must construe the complaint liberally and treat all well-pleaded facts as true, "according the plaintiff the benefit

---

[1] The removal papers included Grau-De León's certification of Scope of Employment, among others. **ECF No. 1-2**.

of all reasonable inferences." *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). Dismissal is only proper if the facts alleged reveal a jurisdictional defect not otherwise remediable. *Sumitomo Real Estate Sales (N.Y.), Inc. v. Quantum Dev. Corp.*, 434 F. Supp. 2d 93, 95 (D.P.R. 2006); *see Colón-Torres v. BBI Hosp. Inc.*, 552 F. Supp. 3d 186, 190 (D.P.R. 2021).

When considering a Rule 12(b)(1) motion to dismiss, the Court may consider all pleadings submitted by the parties. *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996). Thus, the Court "is not restricted to the face of the pleadings but may consider extra-pleading materials, such as affidavits and testimony to resolve factual disputes concerning the existence of jurisdiction." *Fernández-Molinary v. Industrias la Famosa, Inc.*, 203 F. Supp. 2d 111, 114-15 (D.P.R. 2002) (citing *Land v. Dollar*, 330 U.S. 731, 735 (1947)).

## III. Discussion

As discussed before, plaintiff asserts contract and tort claims against defendants under a joint and severable liability theory.[2] The complaint seeks judgment in an amount not less than $1,300,000.00. Even if the complaint pleads a claim that falls outside the "federal government's sovereign immunity for… harm caused by United States employees or agents[,]" *Carroll v. U.S.*, 661 F.3d 87, 93 (1st Cir. 2011), this Court lacks jurisdiction over such claims either pursuant to the Tucker Act, the Little Tucker Act or the Federal Tort Claims Act.

---

[2] There are no *Bivens* (claims asserting violations of the United States Constitution by federal actors brought against individual officers) claims in the complaint. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

**(i)     The Tucker Act, the Little Tucker Act, and Plaintiff's Contract Claims**

The Tucker Act, 28 U.S.C. § 1491(a)(1), and its "companion statute," the Little Tucker Act, 28 U.S.C. § 1346(a)(2), both "provide[ ] the Federal Government's consent to suit for certain money-damages claims[,]" including some claims sounding in contract law. *Paret–Ruiz v. United States*, 827 F.3d 167, n.16 (1st Cir. 2016)(quoting *United States v. Bormes*, 568 U.S. 6 (2012).

"[D]istrict courts are without jurisdiction over a nontax claim against the United States on which claim plaintiff's request for recovery exceeds $10,000. Such an action is proper only in the Claims Court." *Smith v. Orr*, 855 F.2d 1544, 1552 (Fed. Cir. 1988); *see Reyes de León v. Coconut Prop., LLC*, 546 F.Supp.3d 116, 122 (D.P.R. 2021). Indeed, "the Tucker Act, 28 U.S.C. § 1491(a)(1), and Little Tucker Act, 28 U.S.C. § 1346(a)(2), vest exclusive jurisdiction in the Court of Federal Claims (the district courts have concurrent jurisdiction over claims for $10,000 or less)." *Knott v. FERC*, 386 F.3d 368, 374 (1st Cir. 2004).

Therefore, this Court lacks subject-matter jurisdiction over plaintiff's contract related claims, which exceed the $10,000 Tucker threshold.

**(ii)    Federal Tort Claims Act**

The Federal Tort Claims Act ("FTCA") partially waives the sovereign immunity for tort claims. Specifically, it "waive[s] the sovereign immunity of the United States for certain torts committed by federal employees acting within the scope of their employment." *Brownback v. King*, 592 U.S. ___, 141 S.Ct. 740, 746 (2021)(quoting *FDIC v. Meyer*, 510 U.S. 471 (1994)). The

FTCA "require[s] [plaintiffs] to bring claims under the FTCA in federal district court… if they are actionable under § 1346(b)." *Id*.

However, "[t]he waiver effected by the FTCA is… closely circumscribed by the terms of the statute." *Rakes v. United States*, 442 F.3d 7, 18 (1st Cir. 2006). It is thus important to note that "the FTCA includes an administrative exhaustion requirement." *Barrett ex rel. Estate of Barrett v. U.S.*, 462 F.3d 28, 36 (1st Cir. 2006). The administrative exhaustion requirement "ensure[s] that meritorious claims can be settled more quickly without the need for filing suit and possible expensive and time-consuming litigation[.]" *Id*. (cleaned up). The FTCA bars plaintiffs from "fil[ing] a tort claim in district court until (i) the agency finally denies the administrative claim, or (ii) six months pass without a final denial of the administrative claim—whichever comes first." *Id*., at 36; *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Green v. U.S. Postal Service*, 285 F.Supp.3d 416, 419 (D.Mass. 2018)("the United States may not be sued unless a plaintiff has first presented the claim to the appropriate Federal agency and his claim [has] been finally denied by the agency in writing and sent by certified or registered mail.")(quoting 28 U.S.C. § 2675(a)(internal quotation marks omitted)).

Plaintiff did not include a single allegation in the complaint stating any sort of compliance with the FTCA's administrative exhaustion requirements. Conversely, the United States

submitted evidence showing plaintiff did not exhaust administrative remedies prior to filing his state court complaint, now removed. **ECF No. 9-1**.[3]

Moreover, as discussed before, plaintiff moved for an extension of time to oppose the United States's motion to dismiss. **ECF No. 11**. However, plaintiff never filed his response. This omission is fatal because it is plaintiff's burden to establish proper subject-matter jurisdiction. *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998)("federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed… the plaintiffs—must carry the burden of demonstrating the existence of federal jurisdiction.").

## IV. Conclusion

For the reasons stated before:

- the Court lacks subject-matter jurisdiction to entertain plaintiff's claims against the United States, which are hereby dismissed with prejudice. Thus, the motion to dismiss under Fed. R. Civ. P. 12(b)(1) at **ECF No. 9 is GRANTED**. The motion for extension of time at **ECF No. 11 is MOOT**.

- Plaintiff is granted 10 days to show cause why pendent state law claims should not be dismissed. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725

---

[3] In this Fed. R. Civ. P. 12(b)(1) context, the Court "is not restricted to the face of the pleadings but may consider extra-pleading materials, such as affidavits and testimony to resolve factual disputes concerning the existence of jurisdiction." *Fernández-Molinary v. Industrias la Famosa, Inc.*, 203 F. Supp. 2d at 114; *González v. U.S.*, 284 F.3d 281, 288 (1st Cir. 2002).

Case 3:23-cv-01160-ADC   Document 13   Filed 01/24/24   Page 7 of 7

Page 7

(1966)("The federal claim must have substance sufficient to confer subject matter jurisdiction on the court.").

**SO ORDERED**.

At San Juan, Puerto Rico, on this 23rd day of January, 2024.

                **S/AIDA M. DELGADO-COLÓN**
                **United States District Judge**